## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KELLY WINSTON, individually, and as next friend of KAYLA WINSTON and KYLA WINSTON, <br>     Plaintiffs, <br> V. <br> The CITY OF CHICAGO, the ESTATE OF GLENN JONES, CITY OF CHICAGO POLICE OFFICERS A. MYERS (Star #3377), M. BURCHETT (Star #11138), and the ESTATE OF DALILA SMITH, <br>     Defendants. | Judge: John J. Tharp, Jr. <br><br> Case No.: 14-cv-4608 <br><br><br><br><br><br><br> **JURY DEMANDED** |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiffs KELLY WINSTON, individually, and as next friend of KYLA WINSTON and KAYLA WINSTON, by and through their attorneys, THE SHILLER*PREYAR LAW OFFICES and complains of the Defendants the CITY OF CHICAGO, the Estate of Glenn Jones, the Estate of Dalila Smith, and Chicago police officers A. Myers (Star #3377) and M. Burchett (Star #11138), and in support thereof, states as follows:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 to address deprivations of Plaintiffs' rights under the Constitution of the United States and pursuant to the laws of the State of Illinois.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1985; the Judicial Code 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. § 1367(a).

1

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. Kelly Winston is a United States citizen who resides in the Northern District of Illinois. Kelly Winston is the mother of Plaintiffs Kayla Winston and Kyla Winston.

5. Kayla Winston is a United States citizen who resides in the Northern District of Illinois. Kayla was 14 years old at the time of the incident.

6. Kyla Winston is a United States citizen who resides in the Northern District of Illinois. Kyla was 11 years old at the time of the incident.

7. Glenn Jones was a United States citizen who resided in the Northern District of Illinois. Glenn Jones is now deceased. The Estate of Glenn Jones is a Defendant in this matter.

8. Dalila Smith was a United States citizen who resided in the Northern District of Illinois. Dalila Smith is now deceased. Amajla Bajric is Special Administrator of the Estate of Dalila Smith, which is a Defendant in this matter.

9. Defendant City of Chicago police officers Chicago police officers A. Myers (Star #3377) and M. Burchett (Star #11138) (referred to herein as "Defendant Officers") are present or former employees of the City of Chicago Police Department. They engaged in the conduct complained of while on duty and in the course and scope of their employment and under the color of law. They are sued in their individual capacities.

10. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers. At

all times relevant hereto, the Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

11. On the evening of April 10, 2014, at approximately 7:00 p.m., Plaintiffs Kelly Winston, Kayla Winston and Kyla Winston were stopped at a red light facing eastbound on 123rd Street at the intersection of 123rd and State Street in Chicago, Illinois.

12. On that date, Plaintiffs were in a Chrysler 200. Kelly Winston was driving. Kyla Winston was in the back seat. Kayla Winston was in the front passenger seat.

13. On the evening of April 10, 2014, Defendant Officers attempted to pull over Jones for a traffic stop because Jones had a missing front license plate.

14. Jones was driving a Volkswagen Jetta owned by Dalila Smith.

15. Smith had received two previous tickets from the City of Chicago for violating a law requiring a vehicle to have a front and rear plate on or about December 29, 2013 and on or about February 25, 2014.

16. On information and belief, on April 10, 2014, Smith gave Jones the keys to her Jetta and allowed him to drive a vehicle that she knew was not legal.

17. On information and belief, Smith was also aware that Jones' license was suspended and that by letting Jones drive, she allowed Jones to commit an illegal act.

18. On information and belief, Smith was also aware that Jones' had an outstanding arrest warrant from DuPage County, making Jones unlikely to cooperate with police if they attempted to stop Jones for driving an illegal car on a suspended license

19. On information and belief, Smith knew or should have known that Jones would drive recklessly on April 10, 2014, and cause injury to himself, Smith, or others.

3

20. Jones fled Defendant Officers.

21. Jones sped southbound on State Street at over 70 miles per hour.

22. Defendant Officers chased Jones southbound on State Street for at least two blocks.

23. Defendant Officers' vehicle and Jones's vehicle travelled over 50 miles per hour southbound on State Street.

24. The two blocks of State Street between 121st Street and 123rd Street are a strictly residential area with homes lining both sides of the street. The posted speed limit is 30 miles per hour or 20 miles per hour in a school zone. There is one lane of traffic going in each direction.

25. At the southwest corner of the intersection of 123rd Street and State Street is Samuel Gompers elementary school.

26. Defendant Officers were attempting to seize and arrest Jones.

27. When the light at the intersection of 123rd and State turned green, Plaintiffs drove slowly into the intersection and were immediately hit by Jones.

28. Defendant Officers pursued Defendant Jones into the intersection of 123rd Street and State Street.

29. While he was being chased by Defendant Officers, Jones failed to stop at a stop sign at 12126 S. State Street.

30. While he was being chased by Defendant Officers, Jones disregarded two separate traffic control devices between 121st Street and 123rd Street.

31. While he was being chased by Defendant Officers, Jones drove through a red light at State Street and 123rd Street.

32. When Jones hit Plaintiffs' car, Defendant Officers were still pursuing Jones.

33. Defendant Officers had time to consider their actions and terminate their pursuit before Jones struck Plaintiffs' vehicle, but failed to do so.

34. Defendant Officers knew that by chasing Jones they were causing a risk of harm to pedestrians and vehicles in the area of the chase.

35. Defendants chased Jones in violation of police department policy and intentionally disregarded the safety of pedestrians and vehicles because they were angry Jones ignored their signals to pull over.

36. Defendant Officers knew that by chasing Jones they would cause harm to any person or vehicle along the route.

37. As a result of Defendants' illegal conduct, Plaintiff Kelly Winston was injured, including broken ribs, broken shoulder blade, broken left arm, broken hips, broken leg, broken foot and broken ankle and severe emotional distress. Plaintiff Kelly Winston has been unable to work since the incident.

38. As a result of Defendants' illegal conduct, Plaintiff Kyla Winston was injured, including injuries to her arm and severe emotional distress.

39. As a result of Defendants' illegal conduct, Plaintiff Kayla Winston was injured, including injuries to her arm and two broken fingers and severe emotional distress.

40. Jones and his passenger Dalila Smith died as a result of their injuries.

41. Jones had been charged with several counts of aggravated fleeing and eluding, in violation of 625 ILCS 5/11-204.1-A-2, reckless homicide with a motor vehicle, in violation of 720 ILCS 5.0/9-3-A, and aggravated fleeing to elude a peace officer, in violation of 720 ILCS 5.0/11-204.1-A-2.

## **COUNT I – as against Defendant Officers**

### 42 U.S.C. § 1983 – Fourth Amendment Unlawful Seizure

42. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

43. Defendant Officers were was acting "under the color of law" at all relevant times hereto.

44. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

45. Defendant Officers seized Plaintiffs.

46. Defendant Officers' seizure of Plaintiffs was unreasonable.

47. Such actions constitute deliberate indifference to Plaintiff's rights under the United States Constitution, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

48. As a direct and proximate result of Defendant Officers' actions, Plaintiffs sustained severe physical injuries as well as emotional pain and suffering.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

### COUNT II – as against Defendant Officers

### 42 U.S.C. § 1983 – Due Process / State-Created Danger

49. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

50. Defendant Officers were was acting "under the color of law" at all relevant times hereto.

51. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

52. Defendant Officers' conduct violated Plaintiff's Substantive Due Process right to be free from a state-created danger.

53. By chasing Defendant Jones at a high rate of speed through residential streets, by failing to call off the chase, by driving recklessly through a residential neighborhood at 7 p.m., and by intentionally pursuing Defendant Jones, Defendant Officers created and/or increased the danger that Plaintiffs would be physically harmed by Defendant Jones.

54. Defendant Officers knew that a high speed chase in a residential area posed serious risks to pedestrians and other drivers and therefore knew that it was dangerous to chase Defendant Jones's vehicle into his collision with Plaintiffs.

55. The actions taken by Defendant Officers in pursuing Defendant Jones at 70 miles an hour through residential streets over a missing front display of a state registration plate, were extreme and unreasonable such that they shock the conscience.

56. As a direct and proximate result of Defendant Officers' actions, Plaintiffs sustained severe physical injuries as well as emotional pain and suffering.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT III – as to Defendant Officers

### 42 U.S.C. § 1983 – Due Process / Deliberate Indifference/Special Relationship

57. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

58. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

59. Defendant Officers violated Plaintiffs' Fourteenth Amendment Substantive Due process Rights when they acted with a deliberate indifference to a substantial risk that Plaintiff would be harmed.

60. Defendant Officers knew that a high speed police pursuit in a residential area could and likely would cause harm to pedestrians and other vehicles.

61. Defendant Officers knew that Plaintiffs were foreseeable victims in that they were in a vehicle along the path of this high speed and dangerous police pursuit.

62. Without Defendant Officers' conduct in chasing Jones at over 70 miles per hour, Plaintiffs would not have been at risk for serious injury and/or a violent car accident.

63. Further, in failing to immediately stop their pursuit of Defendant Jones, Defendant Officers consciously disregarded this known risk to Plaintiffs.

64. As a result of Defendant Officers' conduct, Plaintiffs sustained physical injuries as well as emotional pain and suffering.

WHEREFORE, Plaintiffs demand judgment against the Defendant Officers for compensatory damages, punitive damages, costs and attorney's fees, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT IV – NEGLIGENCE AS TO DEFENDANT JONES

65. Plaintiffs reallege and incorporate all of the allegations in the preceding paragraphs.

66. That at said time and place, Defendant Jones, while operating his vehicle failed to obey a posted stop sign and red-light traffic control device controlling southbound traffic on State Street between the intersections of 121st and State and 123rd Street and State Street, and collided with the vehicle Plaintiffs was operating.

67. At all times herein referred to it was the duty of Defendant Jones to exercise a reasonable degree of care and caution in the operation, management and control of his vehicle to avoid injury to Plaintiffs and others on the roadway.

68. That at the time and place complained of, Defendant Jones was guilty of one or more of

the following negligent acts or omission, to wit;

A. Carelessly and negligently operating his vehicle at a high and dangerous rate of speed, or in the alternative, operated his vehicle at a rate which was greater than reasonable and proper, endangering the safety of Plaintiff and others upon the highway contrary to and in violation of 625 ILCS 5/11-601(a) of the Illinois Vehicle Code;

B. Carelessly and negligently failed to obey a posted traffic-control device in violation of 625 ILCS 5-11-305;

C. Carelessly and negligently operated his vehicle while it was equipped with dangerous and defective brakes, insufficient to control the movement of and to stop and hold such vehicle, contrary to and in violation of 625 ILCS 5/11-301 of the Illinois Vehicle Code; or in the alternative failed to apply its brakes in time to avoid a collision with Plaintiffs; and

D. Carelessly and negligently failed to keep a proper and circumspect lookout for others upon the roadway.

69. That as a direct and proximate result of one or more wrongful acts or omission on the part of Defendant Jones, the vehicle Plaintiffs was operating was struck by the vehicle Defendant Jones was operating with great force and violence.

70. That as a result of the foregoing, Plaintiffs suffered severe physical injuries and emotional distress as outlined above, and incurred and became liable for large sums of money for medical care and attention endeavoring to be cured of her aforesaid injuries; and were prevented from and hindered in attending their usual affairs, duties and occupations which they pursued heretofore; and they reasonably believe that in the future

they will suffer further pain and anguish and will incur further expenses for medical care and attention and will further be hindered in attending their usual affairs, duties and occupation; all due to the aforesaid injuries so wrongfully sustained.

WHEREFORE, Plaintiffs pray for judgment against Defendant, Estate of GLENN JONES, in an amount greater than $50,000.00 plus costs and disbursements of this action.

## COUNT V – NEGLIGENCE AS TO DEFENDANTS
## CITY OF CHICAGO, CHICAGO POLICE OFFICERS MYERS AND BURCHETT

71. Plaintiffs reallege and incorporate all of the allegations in the preceding paragraphs

72. That at said time and place Defendant City of Chicago, acting through its agents and employees, including but not limited to Defendant Chicago Police Officers Myers and Burchett, had a duty to refrain from negligent operation of its official vehicles in the exercise of the official duties of its police officers.

73. That at the time and place complained of, Defendant Chicago Police Officers Myers and Burchett failed to exercise due care and caution in the operation of their police vehicles and were negligent in one or more of the following respects:

   A. At the time of the chase, Chicago Police Department General Order G03-03-01 regulated police chases, or pursuits. That order stated, *inter alia* "The initiation, continuation, and supervisory authorization of each motor vehicle pursuit must conform to the following **BALANCING TEST: The necessity to immediately apprehend the fleeing suspect outweighs the level of inherent danger created by a motor vehicle pursuit**. . . **All members involved in or supervising a motor vehicle pursuit must be prepared to justify their actions**. . . Department members will be cognizant of the fact that **motor vehicle pursuits are a serious matter with a potential for death and/or injury to the involved members,**

**persons in the vehicle being pursued, and other persons in the area**." (Bold and capitalization in the original)

B. The Defendant Chicago Police Officers Myers and Burchett failed to exercise due care in the operation of their police vehicles by violating Chicago Police Department standards of due care set out in Chicago Police Department General Order G03-03-01 in the following particulars:

1. The necessity of immediate apprehension did not outweigh the level of inherent danger created by the pursuit.
2. Improperly engaged in pursuit when the residential neighborhood and speed of traffic made it unsafe.
3. Chased the vehicle Defendant Jones was operating at high speeds and/or engaged in maneuvers which created an unwarranted danger.
4. Failed to terminate the vehicle pursuit considering the speeds involved, volume of traffic, weather conditions, road conditions and the residential neighborhood that indicated that further pursuit would endanger others.
5. Failed to terminate the vehicle pursuit when it was the most reasonable course of action.

74. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of Defendant Chicago Police Officers Myers and Burchett and unknown police officers the vehicle Defendant Jones was operating collided with the vehicle Plaintiff was operating.

75. That as a result of the foregoing, Plaintiffs suffered severe physical injuries and emotional distress as outlined above, and incurred and became liable for large sums of

money for medical care and attention endeavoring to be cured of her aforesaid injuries; and were prevented from and hindered in attending their usual affairs, duties and occupations which they pursued heretofore; and they reasonably believe that in the future they will suffer further pain and anguish and will incur further expenses for medical care and attention and will further be hindered in attending their usual affairs, duties and occupation; all due to the aforesaid injuries so wrongfully sustained.

76. The damages sought in this action are greater than $50,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendants City of Chicago and Chicago police officers Myers and Burchett, in an amount greater than $50,000.00 plus costs and disbursements of this action.

## COUNT VI – WILLFUL AND WANTON CONDUCT
## AS TO DEFENDANTS
## CITY OF CHICAGO, CHICAGO POLICE OFFICERS MYERS AND BURCHETT

77. Plaintiffs reallage and incorporate the preceding paragraphs as though fully set forth herein.

78. That at said time and place Defendant City of Chicago, acting through its agents and employees, including but not limited to Defendant Chicago Police Officers Myers and Burchett, had a duty to refrain from willful and wanton conduct in the operation of their official vehicles in the exercise of the official duties of its police officers.

79. That at the time and place complained of, Defendant Chicago Police Officers Myers and Burchett acted willfully and wantonly through a course of conduct which showed an utter indifference to, or conscious disregard for, the safety of others in one or more of the following respects:

A. At the time of the chase, Chicago Police Department General Order G03-03-01

regulated police chases, or pursuits. That order stated, *inter alia* "The initiation, continuation, and supervisory authorization of each motor vehicle pursuit must conform to the following BALANCING TEST: The necessity to immediately apprehend the fleeing suspect outweighs the level of inherent danger created by a motor vehicle pursuit. . . All members involved in or supervising a motor vehicle pursuit must be prepared to justify their actions. . . Department members will be cognizant of the fact that motor vehicle pursuits are a serious matter with a potential for death and/or injury to the involved members, persons in the vehicle being pursued, and other persons in the area."

B. The Defendant Chicago Police Officers Myers and Burchett violated Chicago Police Department General Order G03-03-01 in the following particulars:

1. The necessity of immediate apprehension did not outweigh the level of inherent danger created by the pursuit.
2. Improperly engaged in pursuit when the speed of traffic, road conditions and residential neighborhood made it unsafe.
3. Chased the vehicle Plaintiff was operating at high speeds and/or engaged in maneuvers which created an unwarranted danger.
4. Failed to terminate the vehicle pursuit considering the speeds involved, volume of traffic, weather conditions and road conditions that indicated that further pursuit would endanger others.
5. Failed to terminate the vehicle pursuit when it was the most reasonable course of action.

80. That as a direct and proximate result of one or more of the aforesaid willful and wanton

acts or omissions of Defendant Chicago Police Officers Myers and Burchett the vehicle Defendant Jones was operating collided with the vehicle Plaintiff was operating.

81. That as a result of the foregoing, Plaintiffs suffered severe physical injuries and emotional distress as outlined above, and incurred and became liable for large sums of money for medical care and attention endeavoring to be cured of her aforesaid injuries; and were prevented from and hindered in attending their usual affairs, duties and occupations which they pursued heretofore; and they reasonably believe that in the future they will suffer further pain and anguish and will incur further expenses for medical care and attention and will further be hindered in attending their usual affairs, duties and occupation; all due to the aforesaid injuries so wrongfully sustained.

82. The damages sought in this action are greater than $50,000.00.

WHEREFORE, Plaintiffs pray for judgment against Defendants City of Chicago and Chicago police officers Myers and Burchett, in an amount greater than $50,000.00 plus costs and disbursements of this action.

## COUNT VII - BREACH OF DUTY TO TRAIN AND SUPERVISE
## AS TO DEFENDANT CITY OF CHICAGO

83. Plaintiffs reallege and incorporate the preceding paragraphs as though fully set forth herein.

84. In committing the acts or omission alleged in the preceding paragraphs, each of the individual Defendant Chicago Police Officers were members of, and agents of, the Chicago Police Department, acting at all relevant time within the scope of their employment.

85. At all times relevant to the issues raised in this complaint, the Defendant, CITY OF CHICAGO, owed a duty of reasonable care in regards to the training and supervision of

its police department and employed officers of said police department.

86. On and before the date at issue in this complaint, Defendant, CITY OF CHICAGO, breached its duty, as aforesaid, in that it failed to properly train and supervise the individual Defendant Officers in the following manners:

    a. Conducting traffic stops;

    b. Initiating police pursuits after minor traffic violations;

    c. Terminating police pursuits; and

    d. Driving at high-speeds in a residential neighborhood.

87. Further, the City of Chicago acted willfully and wantonly in failing to properly train in these areas, given numerous studies, lawsuits, and complaints that have given City of Chicago notice that its employees have not been properly trained in these areas and have caused serious injuries to citizens.

88. As a direct and proximate result of one or more of the aforesaid failures to train and supervise the Defendant Chicago Police Officers involved in the chase, the vehicle Defendant Jones was operating collided with the vehicle Plaintiff was operating causing injury to Plaintiff.

WHEREFORE, Plaintiffs pray for judgment against Defendant CITY OF CHICAGO in an amount greater than $50,000.00 plus costs and disbursements of this action.

## COUNT VIII RESPONDENT SUPERIOR AS TO DEFENDANT CITY OF CHICAGO

89. Plaintiffs reallage and incorporate the preceding paragraphs as though fully set forth herein.

90. In committing the acts and omissions alleged in the preceding paragraphs, each of the individual Defendant Chicago Police Officers, including but not limited to Defendant

Chicago Police Officers Myers and Burchett, were members of, and agents of, the Chicago Police Department, acting at all relevant times within the scope of their employment.

91. Defendant City of Chicago is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiffs pray for judgment against Defendant CITY OF CHICAGO in an amount greater than $50,000.00 plus costs and disbursements of this action.

## COUNT IX

### Indemnity Claim – 745 ILCS 10/9-102

92. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

93. Defendant City of Chicago is the employer of Defendant Officers.

94. Defendant Officers committed the act alleged above under the color of law and in the scope of their employment as employees of the City of Chicago.

95. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

96. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff was injured.

WHEREFORE, should Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff demands, pursuant to 745 ILCS 10/9-102, that Defendant City of Chicago be found liable for any compensatory judgment Plaintiffs obtain against said Defendants, as well as attorney's fees and costs awarded, medical expenses, and such other and additional relief that this Court deems equitable and just.

## COUNT X

## Negligent Entrustment as against Dalila Smith

97. Plaintiffs reallege and incorporate all of the allegations in the preceding paragraphs.

98. That at said time and place, Dalila Smith, on information and belief, gave the keys and control of the vehicle she owned to Glenn Jones and gave him express permission to drive said vehicle.

99. At all times herein referred to it was the duty of Dalila Smith to not give permission to use or possess her car to someone who would use it in a manner involving an unreasonable risk of harm to others.

100. That at the time and place complained of, on information and belief, Dalila Smith was guilty of one or more of the following negligent acts or omission, to wit;

   A. Carelessly and negligently gave control of her own vehicle to Jones when she knew or should have known that Jones was reckless to drive it on that date.

   B. Carelessly and negligently gave control of her own vehicle to Jones when she knew or should have known that Jones was incompetent to drive it on that date.

101. That as a direct and proximate result of one or more wrongful acts or omission on the part of Defendant Smith, the vehicle Plaintiffs was operating was struck by the vehicle Defendant Jones was operating with great force and violence.

102. That as a result of the foregoing, Plaintiffs suffered severe physical injuries and emotional distress as outlined above, and incurred and became liable for large sums of money for medical care and attention endeavoring to be cured of her aforesaid injuries; and were prevented from and hindered in attending their usual affairs, duties and occupations which they pursued heretofore; and they reasonably believe that in the future they will suffer further pain and anguish and will incur further expenses for medical care

and attention and will further be hindered in attending their usual affairs, duties and occupation; all due to the aforesaid injuries so wrongfully sustained.

WHEREFORE, Plaintiffs pray for judgment against Defendant, Estate of DALILA SMITH, in an amount greater than $50,000.00 plus costs and disbursements of this action.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully Submitted,

KELLY WINSTON, individually, and as next friend of KAYLA WINSTON and KYLA WINSTON

By One of Their Attorneys:

s/Mary J. Grieb

Mary J. Grieb
The Shiller Preyar Law Offices
1100 W. Cermak Rd. Suite B401
Chicago, IL 60608
(312)226-4590